**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY SCHNEIDER,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:18-0193** |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **ANDREW M. SAUL[1],** : | |
| **Commissioner of Social Security,** | |
| : | |
| **Defendant** : | |

# M E M O R A N D U M

Pending before the court is the report of Judge Arbuckle, (Doc. 13), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be granted, and that the decision of the Commissioner be reversed and the case be remanded for further proceedings. Judge Arbuckle reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income under Titles II and XVI of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The Commissioner has filed objections to the report. (Doc. 14). The plaintiff,

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed.R.Civ.P. 25(d).

Gregory Schneider, responded to the Commissioner's objections. (Doc. 15). For the following reasons, the report and recommendation will be **ADOPTED** and, plaintiff's appeal of the decision of the Commissioner, (Doc. 1), will be **GRANTED**. The Commissioner's decision will be **REVERSED** and, plaintiff's case will be **REMANDED** to the Commissioner.[2]

## I.     STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. [28 U.S.C. §636(b)(1)](); [Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011)](). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. [Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000)]() (citing [United States v. Raddatz, 447 U.S. 667, 676 (1980)]()).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." [Fed. R. Civ. P. 72(b)](), advisory committee notes; see also

---

[2]The court notes that since Judge Arbuckle stated the full procedural history of this case in his report and since the parties did not object to it, the court will not repeat it herein.

Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a

whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for his, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II.   RELEVANT MEDICAL EVIDENCE

Judge Arbuckle's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The parties did not file any objections to Judge Arbuckle's report with respect to the relevant medical history, so it will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C.

§636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R and the decision of the Administrative Law Judge ("ALJ") and the findings of each step is in the record, (Tr. 22-31), the court incorporates by reference these portions of the ALJ's decision.

## III.  DISCUSSION

On March 17, 2014, the plaintiff filed an application for DIB and SSI alleging an onset disability date of July 1, 2012. In a September 12, 2016 decision, the ALJ found that the plaintiff was not disabled from July 1, 2012, through the date of her decision.[3] (Tr. 31). The ALJ found that plaintiff had the following severe impairments: cervical spinal discectomy and fusion; status post evacuation of paratracheal hematoma; bipolar disorder; attention deficit hyperactivity disorder; degenerative joint disease/degenerative disc disease; and mild bilateral carpal tunnel syndrome. However, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments, including Listing 1.04 ("disorders of the spine"), Listing 11.14 ("peripheral

---

[3]The last date that plaintiff met the insured status requirements of the Social Security Act was December 31, 2014, and thus, he had to establish disability on or before this date to receive DIB.

neuropathies"), Listing 12.02, 12.04 ("depressive, bipolar and related disorders"), and 12.06 ("anxiety and obsessive-compulsive disorders"). (Tr. 23-25).

In relevant part, the plaintiff challenged the ALJ's finding at step three that his impairments of the spine did not meet or equal Listing 1.04A, and the ALJ's RFC assessment and finding that he could perform sedentary work with limitations.

"At Step Three of the sequential analysis, the ALJ must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1." Stockett v. Comm. of Social Security, 216 F.Supp.3d 440, 454 (D.N.J. 2016). It is well-settled that "[a] claimant bears the burden of establishing each element of a Listing, or "all of the criteria in the listing." Weidman v. Colvin, 164 Supp.3d 650, 659 (M.D.Pa. Sept. 30, 2015) (quoting 20 C.F.R. §404.1525(d)). Moreover, "the claimant's impairment 'must meet *all* of the specified medical criteria [of a Listed Impairment]'" and "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Jones v. Barnhart, 364 F.3d 501, 504 (3d Cir. 2004) (quoting Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885 (1990)). "If a claimant's impairments meet or medically equal one of the listed impairments, the ALJ must find the claimant to be disabled", but "if the

claimant's impairments do not meet or medically equal a listing level impairment, the analysis proceeds to the RFC determination and then Step Four." Stockett, 216 F.Supp.3d at 454. Thus, at step three, if a claimant has an impairment that meets the 12-month duration requirement and meets or equals all the criteria of a listed impairment, the claimant is found disabled. 20 C.F.R. §404.1520(a)(4)(iii).

In his report, Judge Arbuckle agrees with the plaintiff and recommends that the Commissioner's decision be vacated and the case be remanded since plaintiff's spinal condition met some of the criteria for Listing 1.04A and the ALJ failed to give a sufficient explanation for her finding that plaintiff's condition did not meet or equal this Listing. As such, he finds that the ALJ's step three determination was not supported by substantial evidence in the record.[4]

The medical evidence showed that plaintiff had two of the disorders in Listing 1.04, namely, spinal stenosis and degenerative disc disease. However, as the R&R indicates, Listing 1.04A also requires, "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness)

---

[4]Since all of the requirements to satisfy Listing 1.04A are stated in the R&R as well as the Commissioner's objections, they will not be fully repeated herein. Also, since the ALJ's RFC findings are stated in her decision, (Tr. 25-26), and in the R&R, they are not repeated.

accompanied by sensory or reflex loss." The report then discusses the findings of plaintiff's neurologist, Dr. Erin Manning, that plaintiff had "decreased sensation in the left hand as well as atrophy of the bilateral triceps and pectoral muscles", as well as plaintiff's EMG and nerve conduction studies which "were abnormal for multilevel cervical radiculopathy and neurogenic disorder affecting all muscles tested in the left leg consistent with lumbar radiculopathy." Further, "an MRI of [plaintiff's] lumbar spine disclosed severe degenerative joint disease at L3-4 and L4-5." Thus, Dr. Manning found that plaintiff had "triceps weakness and atrophy, atrophy of the biceps and pectoral muscles, left scapular winging, weakening of the distal arm muscles, mild atrophy in the thighs." Also discussed in the report, are the findings of plaintiff's orthopedic doctor, Dr. Michael Tracy, namely, that plaintiff had "severe weakness with elbow extension on both sides, decreased sensation to light touch sensation distally on both sides, significant atrophy of the triceps on both sides, difficulty extending against gravity on both sides and a palpable defect on the left side at the distal triceps."

When Dr. Manning examined plaintiff for a follow-up appointment on June 3, 2016, plaintiff's weakness had progressed since his last exam, and the doctor ordered an updated cervical MRI and testing for muscular dystrophy. Plaintiff then had a cervical MRI on June 22, 2016, after the ALJ's hearing, but the results were included in the ALJ's record. The MRI revealed,

in part, "C2-C3: Severe right and moderate left facet arthrosis" and "C7-T1: Increased, now severe central canal stenosis." However, as the R&R points out, "there is no follow-up with a neurologist explaining how [plaintiff's June 22, 2016] MRI may have affected Plaintiff's diagnosis."

The R&R recommends that this case should be remanded since the ALJ's finding that plaintiff's cervical spine impairment did not meet or equal Listing 1.04A is not sufficiently supported by substantial evidence, and that further explanation is needed supporting the ALJ's determination that this severe impairment did not meet the Listing. The Commissioner objects stating it is insufficient that plaintiff's cervical spine impairment meets some of the criteria of Listing 1.04A, and points out that plaintiff has the burden to show that his impairment meets all of the criteria. However, the R&R finds that the ALJ failed to adequately explain her reasoning why plaintiff's impairment did not meet the stated Listing. Additionally, the ALJ partially relied upon the State agency medical consultant, Dr. Elizabeth Kamenar, who found that plaintiff did not meet or medically equal the criteria under any of the listed impairments. However, the doctor's opinions were made before plaintiff's June 22, 2016 MRI.

Specifically, the R&R concludes that remand for a new administrative hearing is appropriate because:

Medical records document the presence of: compromise of the

nerve root or spinal cord (i.e., severe stenosis); pain in his arms caused by the impairment of his cervical spine; the presence of muscle atrophy, weakness, and numbness and tingling in his arms and hands. It does not appear that Plaintiff has had any significant testing as to whether he has a reduced range of motion in his spine. Treatment notes do show that he has a full range of motion in his neck but appears to report a reduced range of motion in his arms. Similarly, treatment notes give him reflex scores—usually rated on a scale from one to five with two being normal—show scores of zero in Plaintiff's right biceps and triceps, and a score of one for Plaintiff's left biceps and triceps. (Admin. Tr. 718). As noted above, the ALJ inexplicably concluded, without explanation, that "[t]he documentary evidence does not contain any evidence to support listing level severity." (Admin. Tr. 25).

(Doc. 13 at 24).

Here, the court finds that since plaintiff's medical record as well as his testimony reveal that some of the elements of Listing 1.04A were present, the ALJ was required to fully explain her finding that plaintiff's spinal impairment did not meet or equal this Listing. No doubt that the ALJ "must clearly set forth the reasons for his decision." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009) (citation omitted). Further, "[t]he Third Circuit 'requires the ALJ to set forth the reasons for his decision,' including his determination that a plaintiff's impairments do not meet a listed impairment." Stockett, 216 F.Supp.3d at 456 (citation omitted). As such, the court finds that the ALJ failed to provide a sufficient discussion of the evidence regarding her finding with respect to Listing 1.04A. Further proceedings are necessary to fully develop the record regarding Listing 1.04A. *See* Stockett, 216 F.Supp.3d at

457 ("Remand is necessary for the ALJ to 'fully develop the record and explain his findings at step three, including an analysis of whether and why' Plaintiff's impairments 'are or are not equivalent in severity to' Listing 1.04A.") (citation omitted).

Therefore, the Commissioner's objections, (Doc. 14), to Judge Arbuckle's report, (Doc. 13), will be overruled, and the report will be adopted in its entirety.

## IV.    CONCLUSION

In light of the foregoing, Judge Arbuckle's report and recommendation, (Doc. 13), is **ADOPTED**, and the Commissioner's objections, (Doc. 14), are **OVERRULED.** The plaintiff's appeal, (Doc. 1), is **GRANTED**, and the Commissioner's decision is **REVERSED**. The plaintiff 's case is **REMANDED** to the Commissioner for further proceedings. A separate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 18, 2020**

18-0193-01.wpd